IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

STEPHANIE CASKEY-DELUDE,          :
and PAUL DELUDE,                  :
                                  :
    Plaintiffs,            :
                                  :          Civil Action No.
    v.                     :          7:06-cv-46 (HL)
                                  :
YOSUNG ENTERPRISES, INC. d/b/a    :
SHELL FASTBREAK #2,               :
                                  :
    Defendant.             :

## ORDER

Plaintiffs filed this matter in the Valdosta Division of the Middle District of Georgia, United States District Court, on June 20, 2006, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiffs are attempting to establish jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C.A. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interests and costs, and be between

citizens of different States.   28 U.S.C.A. §1332(a)(1) (West 1993 & Supp. 2005).

Accordingly, "complete diversity" must exist between all parties for the court to retain

jurisdiction. This means that every plaintiff must be diverse from every defendant.  Triggs

v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).  In the present case,

Plaintiffs have not established complete diversity of citizenship.

There is no statutory definition of citizen with regard to natural persons.  Federal

courts hold an individual's citizenship is equivalent to "domicile" for purposes of diversity

jurisdiction.  McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  Domicile

requires one's physical presence within the state with the intent to make the state one's

"'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry,

489 F.2d 1396, 1399 (5th Cir. 1974)).  Furthermore, a person may reside in one place but be

domiciled in another.  Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S.

Ct. 1957, 1608 (1989).  Consequently, Plaintiffs' allegation of residency in Tennessee is not

enough to establish the requisite citizenship for diversity jurisdiction.

In regard to the citizenship of Defendant, a corporation is a "citizen of any State by

which it has been incorporated and of the State where it has its principal place of business."

28 U.S.C.A. § 1332(c)(1) (West 1993 & Supp 2005). As defined by federal case law, a

corporation's principal place of business is determined by analyzing the total activity of the

corporation.  Village Fair Shopping Ctr. v. Sam Broadhead Trust, 588 F.2d 431, 434 (5th Cir.

1979).[1]  The United States Court of Appeals for the Eleventh Circuit has specifically adopted the "total activities" test to determine a corporation's principal place of business.  See Vareka Invs., N.V. v. Am. Inv. Props., Inc., 724 F.2d 907, 910 (11th Cir. 1984).  Under this test, "if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center', or corporate offices, will be the principal place of business." MacGinnitie v. Hobbs Group, 420 F.3d 1234, 1239 (11th Cir. 2005) (quoting Toms v. Country Quality Meats, Inc., 610 F.2d 313, 315 (5th Cir. 1980)).  Accordingly, to establish the citizenship of a corporation, Plaintiffs must allege both the corporation's state of incorporation and state of principal place of business.  Consequently, Plaintiffs' allegation that Defendant's "principal office" is in Georgia does not sufficiently define Defendant's principal place of business.

Because Plaintiffs have failed to properly allege citizenship of the parties involved, federal diversity jurisdiction has not been established.  Therefore, Plaintiffs have twenty days from the date of entry of this order to properly allege jurisdiction.  If Plaintiffs fail to do so, the case will be dismissed for lack of jurisdiction.

SO ORDERED, this the 23rd day of June, 2006.

**s/    Hugh Lawson**
tjc                                        HUGH LAWSON, Judge

---

[1]As of September 30, 1981, the United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit as its governing body of precedent.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).